# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 126 | **DATE** | 10/21/2003 |
| **CASE TITLE** | USA vs. Ross A. Caputo, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for a bill of particulars is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 22 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 OCT 21 PM 3:44 | date mailed notice | |
| | RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 0126 |
| | ) | |
| ROSS A. CAPUTO, | ) | Judge Ruben Castillo |
| ROBERT M. RILEY, | ) | |
| MARK E. SCHMITT, and | ) | |
| MARILYN M. LYNCH | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants' motion for a bill of particulars is presently before this Court. (R. 22-1, Defs.' Mot. for Bill of Particulars.) Defendants assert that a bill of particulars is warranted as the indictment and the available discovery do not sufficiently apprise them of the charges to enable them to prepare for trial. For the reasons provided below, Defendants' motion is denied in its entirety.

## LEGAL STANDARDS

This Court has discretion to direct the Government to file a bill of particulars. The purpose of a bill of particulars is to inform the defendant of the charges, enable him to prepare a defense, and to minimize the danger of double jeopardy and unfair surprise at trial. 41 Am. Jur. 2d *Indictments and Information* § 154 (2003). A bill of particulars should be granted if the indictment does not set forth the elements of the offense charged or does not sufficiently apprise the defendant of the charges to enable him to prepare for trial. *United States v. Kendall*, 655 F.2d 126, 134 (7th Cir. 1981). In determining whether the indictment sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's clarity, and the availability of discovery. *United States v. Swiatek*, 632 F. Supp. 985, 988 (N.D. Ill.

1986). The defendant, however, is not entitled to the details of the Government's case. *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991).

## ANALYSIS

Defendants' motion for a bill of particulars includes twenty-four specific requests. First, Defendants request that the Government identify all co-conspirators. (R. 22, Defs.' Mot. for Bill of Particulars, Request 1.) This request will be granted if the co-conspirators' identities are "necessary for the defendants to prepare for trial." *United States v. Farley*, No. 97 CR 0441, 1997 WL 695680, at *6 (N.D. Ill. Oct. 31, 1997). In *Farley*, the court granted a request for the co-conspirators' identities "to assist the defendants in understanding the conduct of which they are accused." *Id.* Defendants, like the defendants in *Farley*, argue that knowing the co-conspirators' identities is necessary to understand the conspiracy's scope. We disagree. The indictment provides a detailed summary of Defendants' conduct. Paragraphs four through fifteen, which describe the conspiracy, provide sufficient detail to enable Defendants to understand the conspiracy's scope. (R. 35, Superceding Indictment, Count One, ¶¶ 4-15.) Thus, this Court does not believe that identification of all co-conspirators is necessary for Defendants to prepare for trial.

The remaining twenty-three requests seek specific information that is not included in the indictment. (R. 22, Defs.' Mot. for Bill of Particulars, Requests 2-24; R. 42, Defs.' Reply at 7-12.) This Court will consider the charges' complexity, the indictment's clarity, and the availability of discovery to determine if the requested information is needed to sufficiently apprise Defendants of the charges against them to enable them to prepare for trial.

First, this Court must consider the charges' complexity and the indictment's clarity. The indictment includes six types of charges: conspiracy, fraud, mail fraud, wire fraud, false statement, and the introduction of an adulterated or misbranded product into interstate commerce ("adulterated-misbranded"). The false-statement counts and the adulterated-misbranded counts, on the one hand, are neither complex nor unclear. The false-statement counts identify the date, location, and substance of the false statements, and the adulterated-misbranded counts identify the product, date, and purchaser. The conspiracy and fraud charges (including mail and wire fraud), on the other hand, are quite complex. They concern Defendants' compliance, over several years, with a complicated FDA regulatory scheme. These counts, however, are reasonably clear. The conspiracy count is explained in considerable detail in paragraphs four through fourteen. (R. 35, Superceding Indictment, Count One, ¶¶ 4-15.) And paragraph seven provides an exhaustive description of how Defendants promoted their sterilizer. (*Id.*, Count One, ¶ 7.) The fraud count is not explained in as much detail as the conspiracy count, but paragraph four, which is incorporated into the mail and wire fraud counts, succinctly states that the fraud is based on Defendants' representations that their sterilizer was approved by the FDA. (*Id.*, Count Two, ¶ 2.)

Next, this Court considers the availability of discovery. Defendants acknowledge that the Government has provided them with "open-file" access, in that the Government has provided them with access to its file rooms. (R. 42, Defs.' Reply at 3-4.) Yet Defendants claim that the "open-file" access is insufficient because the files are too voluminous to enable them to find the necessary information. (*Id.* at 4.) The Government counters that its files are sufficiently organized. (R. 34, Gov't's Objections at 2-4.) In particular, the Government states that its files

3

include AbTox's submissions to the FDA as well as the FDA responses, AbTox's correspondence with the FDA, weekly reports of clinical specialists who represented AbTox to hospitals, and AbTox' customer files. (*Id.* at 3-4.) Defendants did not challenge the Government's description of how their files are organized. Nonetheless, Defendants claim that the available "open-file" discovery does not enable them to discern "certain limited matters central to the charges against them." (R. 42, Defs.' Reply at 4.)

In support of their assertion that the files are too voluminous, Defendants rely on *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941 (N.D. Ill. 2001). In *Vasquez-Ruiz*, the government brought mail and health care fraud charges against a physician for fraudulently billing insurance companies for unnecessary tests. 136 F. Supp. 2d at 943. The court partially granted the defendant's request for a bill of particulars because neither the indictment, nor the voluminous discovery—17,000 pages of documents—permitted the defendant to identify the patient-victims, the false entries, and the fraudulent bills. *Id.* Defendants' situation is distinguishable from the defendant in *Vasquez-Ruiz*. First, the defendant in *Vasquez-Ruiz* was unable to ascertain which entries the government was alleging were fraudulent. Defendants are not faced with this problem as the indictment alleges that the sale of each sterilizer was fraudulent for the exact same reason. (R. 35, Superceding Indictment, Count One, ¶ 11, Count Two, ¶ 4.) Second, Defendants are not seeking "certain limited matters central to the charges against them." Their twenty-three requests cover nearly every unidentified fact in the indictment.

This Court believes that the "open-file" discovery available to Defendants is sufficient to enable them to prepare for trial. The conspiracy charge stems from Defendants' submissions to the FDA, (*id.*, Count One, ¶¶ 4-6, 8-9), and Defendants' actions and statements surrounding the

4

sale of their sterilizer, (*id.*, Count One, ¶¶ 7, 10-14). The fraud charge also arises out of Defendants' actions and statements surrounding the sale of their sterilizer. (*Id.*, Count Two, ¶¶ 3-6.) The "open-file" discovery includes AbTox's submissions to the FDA as well as the FDA responses, AbTox's correspondences with the FDA, weekly reports of clinical specialists who represented AbTox to hospitals, and AbTox' customer files. (R. 34, Gov.'s Objections at 3-4.) Access to this information should enable Defendants to prepare for trial for conspiracy and fraud. Thus, this Court finds that the information available to Defendants is sufficiently manageable to enable them to separate the wheat from the chaff.

## CONCLUSION

After considering the charges' complexity, the indictment's clarity, and the availability of discovery, we find that the indictment and the available discovery enable Defendants to prepare for trial. Defendants' motion for a bill of particulars seeks the details of the Government's case; Defendants are not entitled to the evidence the Government plans to present at trial. Accordingly, we deny Defendants' motion for a bill of particulars in its entirety. (R. 22-1, Defs.' Mot. for Bill of Particulars.)

ENTERED: /s/ Ruben Castillo

Judge Ruben Castillo
United States District Court

**Dated: October 21, 2003**